Kobin Patterson
Noel Grefenson PC
1415 Liberty Street SE
Salem, Oregon 97302
(503) 371-1700
Kobinpatterson@gmail.com

      Attorney for Defendant Misael Ortiz-Martinez

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>MISAEL ORTIZ-MARTINEZ,<br><br>    Defendant | Case No.: 3:22-cr-00306-HZ<br><br>DEFENDANT'S SENTENCING MEMORANDUM |

    Kobin Patterson, counsel for defendant, Misael Ortiz-Martinez, submits the following sentencing memorandum for the Court's consideration. At sentencing, Mr. Ortiz-Martinez will request that the Court sentence him to 57 months in prison followed by a two-year term of supervised release. This sentence reflects the low-end of the applicable advisory guidelines range as well as Mr. Ortiz-Martinez's prosecution and sentencing exposure in Marion County Circuit Court Case Number 22CR38182, which carries a presumptive sentence that is significantly longer than the recommended sentence in this case.

\ \ \ \

1 – DEFENDANT'S SENTENCING MEMORANDUM

Kobin Patterson
Noel Grefenson PC
1415 Liberty Street SE
Salem, Oregon 97302
(503) 371-1700
Kobinpatterson@gmail.com

I

BACKGROUND

In May 2021, law enforcement began watching Mr. Ortiz-Martinez's actions after a source informed law enforcement that Mr. Ortiz-Martinez would be traveling from California to Oregon with a substantial amount of methamphetamine. On May 8, 2021, law enforcement tracked geolocation data from Mr. Ortiz-Martinez's cell phone and noticed that Mr. Ortiz-Martinez was leaving Los Angeles, California and heading northbound towards Oregon. Through surveillance, law enforcement noted that Mr. Ortiz-Martinez was driving a Subara Forester and seemed to be traveling in tandem with an Audi Q5 towards Oregon. Both vehicles appeared to make frequent stops which law enforcement opined was a counter surveillance method to detect pursuit by law enforcement.

After the vehicles entered Oregon, law enforcement stopped the two vehicles in Jackson County, Oregon. Officers noted that Mr. Ortiz-Martinez was operating the Subaru Forester and Jose Merano[1] was operating the Audi Q5. Both Mr. Ortiz-Martinez and Mr. Merano denied a request to consent to search their vehicles. Law enforcement deployed a drug detecting canine on the vehicles which resulted in a positive alert on the Subaru Forester. Law enforcement detained Mr. Ortiz-Martinez and Mr. Merano and, upon searching incident to arrest, found 3.29 grams of methamphetamine in Mr. Ortiz-Martinez's pocket. A search of both vehicles resulted in law enforcement seizing a methamphetamine pipe from the Audi Q5 and 6.09 pounds of methamphetamine and 360 Tramadol pills from the Subaru Forester. Mr. Merano was released from the scene and Mr. Ortiz-Martinez was taken to the Jackson County Jail where he was released later that evening.

---

[1] Mr. "Merano" (actually Jose Ruben Moreno-Hernandez) is the co-defendant in Marion County Circuit Court Case Number 22CR38182.

2 – DEFENDANT'S SENTENCING MEMORANDUM

Kobin Patterson
Noel Grefenson PC
1415 Liberty Street SE
Salem, Oregon 97302
(503) 371-1700
Kobinpatterson@gmail.com

On July 29, 2022, a federal arrest warrant was filed for the instant offense. On August 5, 2022, more than a year after the traffic stop detailed above, law enforcement executed the arrest warrant on Mr. Ortiz-Martinez at a motel in Vancouver, Washington. Law enforcement found a user amount of methamphetamine and a Polymer 80 9mm pistol on Mr. Ortiz-Martinez's person.

## II

### PRESENTENCE REPORT (PSR)

Mr. Ortiz-Martinez has reviewed a copy of the PSR with his counsel, including the recommended conditions of supervision. There are several sections of the PSR to which Mr. Ortiz-Martinez objects.

First, Paragraph 26 of the PSR notes that the parties have stipulated to a seizure of 12.7 kilograms of methamphetamine in this case to find that the base offense level (BOL) of the conduct is a 34 per USSG §2D1.1. This drug quantity is a scrivener's error in the plea agreement which counsel for both parties overlooked. Paragraph 6 of the plea agreement letter notes the elements and factual basis for the conduct at issue in this case and states "[t]he defendant admits that on or about May 9, 2021, here in the District of Oregon, he was stopped while driving a vehicle that was found to contain approximately six (6) pounds (2.7 kilograms) of methamphetamine. . . ." However, paragraph 8 of the plea agreement letter contains a typo in the relevant conduct and states "pursuant to USSG §1B1.3 and 2D1.1(a), includes approximately 12.7 kilograms of a mixture and substance containing a detectable amount of methamphetamine for an initial Base Offense Level of 32." As noted above, law enforcement seized approximately 6.09 pounds (approximately 2.7 kilograms) of methamphetamine when they stopped Mr. Ortiz-Martinez. Mr. Ortiz-Martinez's counsel has conferred with the government and the parties agree that "12.7" was a typo and the actual quantity – 2.7 kilograms – results in a Base Offense Level 32 rather than Base Offense Level 34.

3 – DEFENDANT'S SENTENCING MEMORANDUM

Kobin Patterson
Noel Grefenson PC
1415 Liberty Street SE
Salem, Oregon 97302
(503) 371-1700
Kobinpatterson@gmail.com

Second, paragraph 27 of the PSR applies a 2-level increase pursuant to USSG §2D1.1(b)(1) asserting that Mr. Ortiz-Martinez possessed a danger weapon (firearm) during the offense conduct. In doing so, the PSR relies on conduct related to Mr. Ortiz-Martinez's arrest which occurred more than a year after the offense conduct alleged in the indictment. Because this case is not charged as a conspiracy, the relevant offense conduct for Mr. Ortiz-Martinez's conviction offense concerns his possession with intent to distribute controlled substances on May 8, 2021. Mr. Ortiz-Martinez was not found in possession of a firearm on that date.

There is no temporal nexus sufficient to support application of USSG §2D1.1(b)(1) between Mr. Ortiz-Martinez's offense conduct and his possession of a firearm at the time of his arrest over a year later. Mr. Ortiz-Martinez's counsel has conferred with the government on this issue and the government agrees. *See United States v. Willard*, 919 F.2d 606 (9th Cir. 1990) (pointing to *United States v. Vasquez*, 874 F.2d 250 (5th Cir. 1989) to differentiate between a conspiracy charge and mere delivery when considering whether a weapon found at a place separate from the location of the instant offense can be used to apply the firearm enhancement).

Mr. Ortiz-Martinez agrees with the remainder of the findings in PSR. In sum, Mr. Ortiz-Martinez asserts that the BOL is a 32 as the parties agreed to 2.7 kilograms—not 12.7 kilograms as noted in the scrivener's error in the plea agreement. Mr. Ortiz-Martinez does not agree that a 2 level increase pursuant to USSG §2D1.1(b)(1) applies. Mr. Ortiz-Martinez does agree that two level safety valve reduction is appropriate pursuant to USSG §2D1.1(b)(18) as noted in paragraph 28 of the PSR. Mr. Ortiz-Martinez does agree that he is a Zero-Point Offender pursuant to USSG §§4C1.1(a) and (b) as noted in paragraph 33 of the PSR. Mr. Ortiz-Martinez agrees that a total of a 3 level reduction for acceptance of responsibility pursuant to USSG §3E1.1(a) and (b) is appropriate as listed in paragraphs 34 and 35 of the PSR. Mr. Ortiz-Martinez asserts that the total offense level

4 – DEFENDANT'S SENTENCING MEMORANDUM

Kobin Patterson
Noel Grefenson PC
1415 Liberty Street SE
Salem, Oregon 97302
(503) 371-1700
Kobinpatterson@gmail.com

in this case is 25, calculated as follows:

- 32 BOL pursuant to USSG §2D1.1 as Mr. Ortiz-Martinez possessed at least 1.5 kilograms but less than 5 kilograms of methamphetamine (2.7 kilograms)
- - 2 levels pursuant to the safety valve in USSG §2D1.1(b)(18)
- - 2 levels pursuant to Zero-Point Offender in USSG §§4C1.1(a) and (b)
- -2 levels for acceptance of responsibility in USSG §3E1.1(a)
- - 1 level for acceptance of responsibility in USSG §3E1.1(b)
- **Total Offense Level: 25**

III

DEFENDANT'S SENTENCING RECOMMENDATION

This court's "overarching statutory charge . . . is to impose a sentence sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; and to protect the public." *United States v. Lizarras-Chacon*, 14 F.4th 961, 966 (9th Cir. 2021). Although the Court must calculate the guideline range which applies to a defendant's offense, the guidelines are advisory, and their range is not presumed reasonable. A court need not find "extraordinary circumstances" in order to impose a variance sentence outside of the advisory guidelines range, because the guidelines are but one of several § 3553(a) factors to consider when determining an appropriate sentence. *United States v. Booker*, 543 US 220 (2005).

The Supreme Court has recognized that a court's analysis of the § 3553(a) factors should consider a defendant's post-sentencing and post-offense rehabilitation. *See Pepper v. United States*, 562 U.S. 476, 480 (2011). In *Pepper*, the Supreme Court emphasized that the "punishment should fit the offender and not merely the crime" and that a sentencing court should use "the fullest

Kobin Patterson
Noel Grefenson PC
1415 Liberty Street SE
Salem, Oregon 97302
(503) 371-1700
Kobinpatterson@gmail.com

information possible concerning the defendant's life and characteristics" to fashion and appropriate sentence, including post-sentencing and post-offense rehabilitation. 562 U.S. at 487-88.

Mr. Ortiz-Martinez joins the government in a low-end sentence recommendation of 57-months prison based on an Offense Level calculation of 25 with a Criminal History Category I.

Dated: September 25, 2024.

*/s/ Kobin Patterson*
Kobin Patterson, OSB No. 171309
Attorney for Defendant Misael Ortiz-Martinez

6 – DEFENDANT'S SENTENCING MEMORANDUM

Kobin Patterson
Noel Grefenson PC
1415 Liberty Street SE
Salem, Oregon 97302
(503) 371-1700
Kobinpatterson@gmail.com