NATALIE K. WIGHT, OSB # 035576
United States Attorney
District of Oregon
**SCOTT M. KERIN, OSB # 965128**
Assistant United States Attorney
Scott.Kerin@usdoj.gov
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:22-cr-00306-HZ** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **MISAEL ORTIZ-MARTINEZ,** | |
| **Defendant.** | **Sentencing: October 2, 2024** |

The government asks the Court to impose a sentence of 57 months' imprisonment, to be followed by a three-year term of supervised release.

**A.      Summary of Proceedings.**

On November 27, 2023, defendant pled guilty to Count 1 of the Indictment which charged him with Possession with the Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A).  The maximum sentence the Court may impose is a term of life imprisonment, fine of $10,000,000, and at least five years of supervised release.  There is a

///

**Government's Sentencing Memorandum**                                                    **Page 1**

potential mandatory minimum sentence of ten years' imprisonment. There is also a $100 fee assessment.

A Presentence Report (PSR) has been completed. Sentencing is currently set for October 2, 2024. The government believes that the facts underlying the defendant's count of conviction, his criminal history, and his personal history and characteristics are accurately laid out in the PSR. The government believes the plea agreement accurately outlines defendant's Base Offense Level and Sentencing Guideline Calculations. In his plea agreement defendant admitted the following:

> [T]hat on or about May 9, 2021, here in the District of Oregon, he was stopped while driving a vehicle that was found to contain approximately six (6) pounds (2.7 kilograms) of methamphetamine, a Schedule II controlled substance, which he possessed for purposes of further distribution.

Plea Agreement ¶ 6.

**B.    Sentencing Guideline Calculations.**

The Court, "in determining the particular sentence to be imposed," is required to consider the "sentencing range established" by the U.S. Sentencing Guidelines. 18 U.S.C. § 3553(a)(4). "The Guidelines are 'the starting point and the initial benchmark,'. . . and are to be kept in mind throughout the process." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008)(quoting *Kimbrough v. United States*, 552 U.S. 85, 108 (2007)). "All sentencing proceedings are to begin by determining the applicable Guideline range." *Id*.

Based upon the amount of methamphetamine defendant was involved in possessing with intent to distribute, which is 2.7 kilograms of a mixture and substance containing a detectable amount of methamphetamine, his initial Base Offense Level is 32, pursuant to U.S.S.G. § 1B1.3

**Government's Sentencing Memorandum**                                                      **Page 2**

and 2D1.1(a).  Plea Agreement ¶ 8.[1]  This Base Offense Level is not in dispute between the parties.

The parties believe that defendant's case satisfies the "safety valve" criteria in 18 U.S.C. § 3553(f) and U.S.S.G. § 2D1.1(b)(18) and will recommend a two-level downward departure in his Sentencing Guidelines range.  Plea Agreement ¶ 9, PSR ¶ 28.

The parties also believe defendant qualifies as a "Zero Point Offender," pursuant to U.S.S.G. § 4C1.1, and thus will recommend an additional two-level downward departure in his Sentencing Guidelines range.  PSR ¶ 33.

Based upon defendant's guilty plea and acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, the government will recommend a three-level reduction in defendant's offense level.  Plea Agreement ¶ 11, PSR ¶¶ 34-35.

///

///

///

---

[1]    The PSR starts with a Base Offense Level of 34, which is inaccurate and based upon a scrivener's error within the Plea Agreement that no one initially caught.  In the factual summation of the plea agreement defendant accurately admitted to possessing with intent to distribute approximately six (6) pounds (2.7 kilograms) of methamphetamine, which results in a Base Offense Level of 32.  Plea Agreement ¶ 6.  In paragraph 8 of the Plea Agreement, concerning relevant conduct, the parties agreed that defendant's Base Offense Level was 32, however, in that same paragraph the Plea Agreement inadvertently listed the amount of methamphetamine involved as 12.7 kilograms, as opposed to 2.7 kilograms.  The extra "1" at the beginning was an error and not part of the factual basis for the plea.  The PSR thus incorrectly starts at a Base Offense Level of 34.  The parties will ask the Court to have the U.S. Probation Office make a correction in the final PSR.

**Government's Sentencing Memorandum**                                                    **Page 3**

The government believes defendant's initial adjusted Offense Level for sentencing purposes is 25.[2]  Should the Court agree with the initial Sentencing Guideline Calculations, prior to any other adjustments, with an adjusted Offense Level of 25 and a Criminal History Category of I, defendant's suggested sentencing range is 57 to 71 months' imprisonment.

**C.    Government's Recommended Sentence.**

Pursuant to 18 U.S.C. § 3553(a), we ask the Court to impose a sentence of 57 months' imprisonment, to be followed by a three year term of supervised release.

Defendant was involved in trafficking a significant amount of methamphetamine, an incredibly addictive, deadly, and destructive poison that is devastating the community.

> Fentanyl and methamphetamine are the most significant drug threats to Oregon and Idaho and are predicted with high confidence to be the most significant drug threats in 2025.  Fatal and non-fatal overdoses related to both substances have continued to increase in both states over the past

---

[2]    The PSR seeks a two-level upward adjustment due to defendant's possession of firearms when he was arrested on June 1, 2022, and August 5, 2022.  PSR ¶ 27.  These are separate arrests that are not a part of the instant offense defendant was charged with in federal court, which was a crime committed on May 9, 2021.  On May 9, 2021, defendant was initially arrested on state charges and booked into the Jackson County, Oregon Jail.  Defendant was released from the Jackson County Jail sometime between May 9, 2021 and May 11, 2021.  On June 1, 2022, defendant was arrested in Portland, Oregon for possession of a firearm and 19.4 grams of methamphetamine.  PSR ¶ 42.  This incident was not connected to defendant's May 9, 2021, arrest or included as relevant conduct for the May 9, 2021, crime.  The June 1, 2022, arrest in Portland has been charged by the Multnomah County District Attorney's Office and is not a part of this case.  Unrelated to the June 2022 arrest, on July 25, 2022, Federal Agents and Task Force Officers brought the May 9, 2021, case to our office to review for federal prosecution and on July 29, 2022, a federal criminal complaint and arrest warrant were obtained for the defendant based upon the May 9, 2021, incident.  On August 5, 2022, defendant was arrested on his federal arrest warrant.  When the defendant was arrested on August 5, 2022, he was found in possession of a firearm and "small amount of methamphetamine."  PSR ¶ 21.  There was over a year between the underlying federal crime and defendant's federal arrest on August 5, 2022, and no connection the government is aware of between that firearm and defendant's criminal conduct on May 9, 2021.  Accordingly, because defendant did not possess a firearm in connection with the federal offense he was charged with and pled guilty to, the government will not be seeking a firearm enhancement in this case.

**Government's Sentencing Memorandum**                                                    **Page 4**

several years, a trend that is expected to continue.  All Oregon-Idaho
HIDTA enforcement initiatives report fentanyl and methamphetamine as
their primary drug threats based on availability, impact on caseload,
community livability, and associated property and persons crimes.

OREGON-IDAHO HIGH INTENSITY DRUG TRAFFICKING AREA (HIDTA) 2025 THREAT
ASSESSMENT, June 2024, at 11.

Accordingly, after evaluating the competing sentencing factors outlined in 18 U.S.C. §

3553(a) which include the nature and circumstances of the offense; the defendant's

characteristics; the need for the sentence imposed to reflect the seriousness of the offense; the

need for the sentence to promote respect for the law; the need for the sentence to afford adequate

deterrence to criminal conduct; the need for the sentence to provide just punishment for the

offense; the need to protect the public from further crimes of the defendant; and, the need to

provide the defendant with needed training or other corrective treatment, we believe a sentence

of 57 months' imprisonment is reasonable.  We ask the Court to impose it, to be followed by a

three year term of supervised release.

There are no charges to be dismissed.  There is an appeal waiver.

Dated: September 25, 2024.                    Respectfully submitted,

                                              NATALIE K. WIGHT
                                              United States Attorney

                                              /s/ *Scott Kerin*

                                              SCOTT M. KERIN, OSB # 965128
                                              Assistant United States Attorney

**Government's Sentencing Memorandum**                              **Page 5**